EXHIBIT 7








March 27, 2020

**Joint Statement of the Office of Governor JB Pritzker, Illinois Education Association, Illinois Federation of Teachers, Illinois Association of School Administrators, Illinois Principals Association, and Illinois State Board of Education**

This joint statement is an update of our March 17, 2020, statement. Over the past two weeks we have been impressed with the ingenuity, compassion and alacrity that all of our members demonstrated as we rapidly closed our schools and transitioned to a new way of teaching, learning and caring for our students. Our organizations continue to be inspired by the phenomenal cooperation shown across the state and encourage all of our members to be reasonable, creative, and generous while determining what's best for our students in Illinois. To assist our members during this time, the leadership of the IEA, IFT, IASA, and IPA have prepared this joint guidance with the Office of Governor JB Pritzker and ISBE to be effective through the duration of the statewide school closure. As this is a rapidly evolving situation, subsequent guidance may be released.

ISBE is announcing that remote learning will occur for the duration of the suspension of in-person instruction. Districts must develop instructional remote learning to allow for student engagement and continuity of instruction. School districts will not be expected to extend their school year calendar. All Act of God days, remote planning days, and remote learning days will count as actual days of pupil attendance.

To assist in that task, ISBE has convened an advisory group which has developed specific recommendations and best practices in the areas of:
- Birth through Grade 2
- Grades 3-5
- Grades 6-8
- Grades 9-12
- Special Education
- Multilingual Education

The recommendations put forth several important points, including: (1) instructional remote learning differs from statutory eLearning plans; (2) districts must work with local unions to determine how instructional remote learning will occur; (3) time allotted to tasks should be age appropriate; (4) students will not be required to master and will not be penalized for failure to master new content; (5) instructional remote learning does not eliminate the teacher but instead works to develop a partnership with families to provide instructional remote learning in these difficult times.

Through the duration of the suspension of in-person learning, all school district employees on the district's payroll will get paid as if the schools








were functioning normally and they were performing their normal work, regardless of the district instructional remote learning plans developed during this time. Normal pay includes salary, hourly and stipend pay, benefits, and employees will receive full and normal service credit in their pension systems. No district will lose any Evidence Based Funding as a result of this change.

Through the period of the suspension of in-person learning, the employer can expect school district employees to participate in work activities in some form. The concrete details of the work, including stipend work, that will occur during this timeframe must be worked out through mutual agreement, but negotiations should focus on ensuring (1) continuity of education through instructional remote learning, (2) provision of meals, (3) other student and staff support measures as appropriate for each district to effectuate instructional remote learning; and (4) ensuring the performance of essential district functions and operations. Public health and safety of students and staff are paramount, and to the extent work can be done remotely, it should be. Illinois Department of Public Health and Centers for Disease Control and Prevention recommendations on social distancing and group gatherings should be adhered to. Employers should not require any more employees than absolutely necessary to come to school.

No school district can unilaterally change the use of benefit days. We encourage local collaboration on the use of benefit days and encourage ways to support anyone who is sick or is caring for a sick family member.

We acknowledge that the current law on teacher evaluation and Reduction in Force (honorable dismissal and layoff) remains in full force including all timelines and existing statutory language. Any teacher evaluation that is not finished by the end of the school year will be considered "proficient" in accordance with 105 ILCS 5/24-11(d). Subject to existing contract language, evaluations that have been substantially completed; meaning that all classroom observations have occurred and all professional practice and student growth data has been collected, shall be finished remotely. We are working jointly to ensure on a non-precedential basis that certified staff whose last summative rating was excellent default to an excellent rating for this year if their evaluation cannot be finished.

Subject to existing contract language, all timelines, notice requirements, and procedures remain in place for a district that wishes to remove, dismiss, or reduce the hours of non-certified staff in order to decrease the number of support staff or to discontinue some particular type of educational support service. Subject to existing contract language, evaluations that have been substantively completed; meaning that all necessary data has been collected, shall be completed remotely.








All timelines concerning needs improvement plans and remediation plans are paused until such time schools reopen statewide. We are working jointly to ensure on a non-precedential basis that when schools re-open statewide, any remediation plan where less than **45** days of classroom instruction occurred may be restarted, subject to the agreement of the certified staff member.

Timelines and notice requirements from a school board regarding dismissal of a teacher in contractual continued service as well as the requirement that a hearing be requested within 17 days remain in place. We are working jointly to ensure on a non-precedential basis that all other pre-hearing and hearing procedures are paused unless otherwise mutually agreed by the parties and hearing officer. A dismissal hearing may occur by remote means if there is an agreement by the parties. If a hearing officer is unwilling meet by remote means, he or she may withdraw and another hearing officer will be chosen.

All "Act of God Days" and days where remote leaning was provided, due to the suspension of in person learning, regardless of how the day was classified, will count towards a probationary teacher's "tenure acquisition."

We will continue to provide joint statements to the field as we are able and as this unique situation continues to evolve.